IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STANELY SIMS,

      Plaintiff,

vs.

VEAL, et al.,

      Defendants.

No. CIV S-07-0898 MCE EFB P

<u>ORDER AND FINDINGS
AND RECOMMENDATIONS</u>

Plaintiff is a prisoner without counsel prosecuting this civil rights action in forma pauperis. *See* 42 U.S.C. § 1983; 28 U.S.C. § 1915(a). The case was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

On July 9, 2007, the court found that plaintiff stated a claim against one defendant and not others. The order explained the complaint's deficiencies and gave plaintiff the opportunity to file an amended complaint correcting these deficiencies. On August 6, 2007, plaintiff filed a first amended complaint. The court has reviewed that complaint pursuant to 28 U.S.C. § 1915A and, for the limited purposes of that section, finds that plaintiff has stated a claim against D. Halverson for retaliation, against LeSaine for violations of the Eighth and Fourth Amendment, and against Petrey for violations of the Eighth Amendment. For the following reasons, the court finds that plaintiff fails to state a claim against defendants J. Pearson, N.

1

Grannis, S. Moreno, J. Spaulding, R. Anderson or M. Veal.

Plaintiff alleges that J. Pearson, N. Grannis, S. Moreno, J. Spaulding, R. Anderson and M. Veal, as supervisors and participants in the administrative appeals process "failed to take remedial actions and in acquiescence, had and have a reckless callous indifference to the rights of plaintiff and affirmed the actions of def's [sic] Haverson, [sic] R. St. Germain, M. Taylor, D. Silbaugh, [sic] J. Walker." Comp., at 14-15. Plaintiff makes no specific allegations against R. St. Germain, M. Taylor, J. Walker or J. Silbaugh.

To state a claim under 42 U.S.C. § 1983, plaintiff must allege an identified defendant deprived plaintiff of a right secured to him by the Constitution or laws of the United States while acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). The theory of *respondeat superior* does not apply in cases brought under § 1983. Instead, a supervisor is liable for constitutional violations of his subordinates if he participated in or directed the violations, or knew of the violations and failed to act to prevent them, *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989), or if he implemented a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation. *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989). Plaintiff therefore fails to state a claim against R. St. Germain, M. Taylor, J. Walker or J. Silbaugh.

Accordingly, it hereby is ORDERED that:

1. Service is appropriate for defendants Halverson, LeSaine and Petrey .

2. The Clerk of the Court shall send plaintiff three USM-285 forms, one summons, an instruction sheet and one copy of the August 6, 2007, pleading.

3. Within 30 days from service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit it to the court with the completed summons and USM-285 forms and four copies of the endorsed August 6, 2007, pleading.

4. Upon receipt of the necessary materials, the court will direct the United States Marshal to serve defendants Halverson, LeSaine and Petrey pursuant to Federal Rule of Civil

| 1 | Procedure 4 without payment of costs. |
| 2 | Further, it is hereby RECOMMENDED that defendants J. Pearson, N. Grannis, S. |
| 3 | Moreno, J. Spaulding, R. Anderson, M. Veal, R. St. Germain, M. Taylor, J. Walker and J. |
| 4 | Silbaugh be dismissed from this action for plaintiff's failure to state a claim. *See* 28 U.S.C. § |
| 5 | 1915A; *see also Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) (indigent prisoner |
| 6 | proceeding without counsel must be given leave to file amended complaint unless the court can |
| 7 | rule out any possibility that the plaintiff could state a claim). |
| 8 | These findings and recommendations are submitted to the United States District Judge |
| 9 | assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days |
| 10 | after being served with these findings and recommendations, any party may file written |
| 11 | objections with the court and serve a copy on all parties. Such a document should be captioned |
| 12 | "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections |
| 13 | within the specified time may waive the right to appeal the District Court's order. *Turner v.* |
| 14 | *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). |
| 15 | DATED: October 24, 2007. |

_/s/ Edmund F. Brennan_
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

|   |   |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | IN THE UNITED STATES DISTRICT COURT |
| 9 | FOR THE EASTERN DISTRICT OF CALIFORNIA |

STANLEY SIMS,

    Plaintiff,                       No. CIV S-07-0898 MCE EFB P

    vs.

M. VEAL, et al.,,

    Defendants.           <u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

        Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

           <u> 1 </u>      completed summons form

           <u> 3 </u>      completed forms USM-285

           <u> 4 </u>      copies of the <u> August 6, 2007 </u>
                                                               First Amended Complaint

Dated:

                                                                           Plaintiff