IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STANLEY SIMS,

      Plaintiff,                          No. CIV S-07-0898 MCE EFB P

   vs.

VEAL, Warden, et al.,

      Defendants.                    FINDINGS AND RECOMMENDATIONS

_____/

      Plaintiff is a prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. This action proceeds on the May 11, 2007,complaint in which plaintiff claims that defendants D. Haverson, LeSaine and Petrez retaliated against plaintiff for plaintiff's refusal to assist D. Haverson in identifying gang members. On September 7, 2007, plaintiff filed a motion a preliminary injunction. In it, he requests an order directing that he be transferred from Corcoran State Prison ("CSP") to the California Medical Facility ("CMF"). For the reasons explained below, the court finds that plaintiff is not entitled to the relief he seeks.

      A preliminary injunction will not issue unless necessary because threatened injury would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a very far reaching

power never to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). The Ninth Circuit standards for preliminary injunctive relief are well established:

> "The purpose of a preliminary injunction is to preserve rights pending resolution of the merits of the case by the trial." *Big Country Foods, Inc. v. Bd. of Educ.*, 868 F.2d 1085, 1087 (9th Cir. 1989). A preliminary injunction is appropriate "where plaintiffs demonstrate either: (1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in their favor." *Sw. Voter Registration Educ. Project v. Shelley,* 344 F.3d 914, 918 (9th Cir. 2003) (en banc) Shelley, 344 F.3d at 917 (internal quotation marks and citations omitted). "The irreducible minimum is that the moving party demonstrate a fair chance of success on the merits or questions serious enough to require litigation. No chance of success at all will not suffice." *Sports Form, Inc. v. United Press Int'l, Inc.*, 686 F.2d 750, 753 (9th Cir. 1982) (internal punctuation and citations omitted).

*E. & J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 990 (9th Cir. 2006). If the balance of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits as when the balance tips less decidedly. *Benda v. Grand Lodge of the International Association of Machinists*, 584 F.2d 308, 315 (9th Cir. 1978). The threatened injury must be immediate. *Los Angeles Memorial Coliseum Comm'n v. National Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980). And since the remedy is equitable in nature, there must be no adequate remedy at law. *Stanley v. University of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994). If the relief sought is mandatory rather than prohibitory, the balance must more clearly favor the applicant. *Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).

When he commenced this action, plaintiff was confined at CMF, where he was receiving methadone treatment, physical therapy, psychotropic medications, and was being considered for surgery to his rotary cuff. Around August 20, 2007, he was transferred to CSP.[1] Plaintiff asserts

---

[1] The court notes that CSP has an Acute Care Hospital ("ACH"), which is a 75-bed "maximum security facility" licensed to provide general acute medical, surgical, medical health crisis, and specialty outpatient services." *See* www.cdcr.ca.gov/Visitors/fac_prison_CORCORAN.html.

that CSP is a high security facility designed for violent prisoners, and he does not fit the criteria for placement in such a facility. He claims that this transfer was in retaliation for pursuing this action.

To substantiate a claim of retaliation, plaintiff must demonstrate a connection between the exercise of constitutional rights and the allegedly retaliatory action. *See Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir.1995). Plaintiff does not identify any individual involved in the decision to transfer him. Therefore, the court cannot determine whether there is any connection between the decision and plaintiff's lawsuit or whether plaintiff has suffered any harm that the court can remedy by granting the order he seeks. Furthermore, the motion makes no showing whatsoever that he is likely to prevail on the claims in his complaint. Accordingly, plaintiff fails to demonstrate that he is entitled to the relief he seeks.

Accordingly, it is hereby recommended that plaintiff's September 7, 2007, request for a preliminary injunction be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 20, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE