IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STANLEY SIMS,

    Plaintiff,                  No. CIV S-07-0898 MCE EFB P

    vs.

VEAL, et al.,

    Defendants.           <u>ORDER</u>

_____/

    Plaintiff is a state prisoner proceeding pro se in civil rights action filed under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

    On September 2, 2009, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. The magistrate judge has recommended that summary judgment be granted in favor of defendants as to all claims except two, both of which involve allegations that the confiscation of plaintiff's diet card violated his federally protected rights.

///

///

1

1 The magistrate judge construed plaintiff's allegations as including a claim that the confiscation of
2 the card violated plaintiff's Eighth Amendment rights as well as a claim that it was done in
3 retaliation for plaintiff exercising his First Amendment rights to file a grievance.  Plaintiff and
4 defendants have filed objections to the findings and recommendations.

    The defendants' objections assert that the magistrate judge misconstrued the complaint to
include an Eighth Amendment claim as to the diet card that plaintiff never included in the
complaint.  Defendants' objections concede that Paragraph 19 of the complaint "does claim that
the alleged food deprivation is retaliation, despite the fact he did not use the word 'retaliation.'"[1]
Defs.' Objs. at 4.  And although defendants acknowledge that plaintiff also alleged that he had
"never Been so hungry an [sic] in Pain," id. (quoting P's complaint), they nonetheless argue that
the magistrate judge unfairly read into the complaint an Eighth Amendment claim that is simply
not there.  Id. ("It is not . . . fair to infer that, in addition to retaliation, Plaintiff sufficiently
states a claim of cruel and unusual punishment . . . .").  In explaining their narrow construction of
the complaint, defendants discern some significance from the fact that plaintiff used the phrase
"plaintiff was denied Food," id. (emphasis omitted), and "did not use the term 'deprive'" when
he referred to his retaliation claim.  Id.  In contrast, they argue, plaintiff uses the term deprive
only to refer to the lack of "competent decision makers."  Defendants also argue that the
screening order did not specifically itemize a claim of cruel and unusual punishment based on
deprivation of food and therefore the claim should not be considered.  Finally, defendants argue
that plaintiff did not exhaust his administrative remedies.  None of the objections have merit.

    The semantical distinctions in their puzzling argument over the differences between the
words deprived and denied is of no moment.  As the magistrate judge adequately explained, the
complaint alleges that the special diet card necessary for plaintiff to obtain meals he could eat

---

[1] Plaintiff used the work "reprisals."  The complaint states that "for (5) days Plaintiff was denied Food and work because of reprisals to plaintiff per orders of Def Halverson."  Second Amended Complaint at 11, ¶ 19

was taken from him and not returned for nearly a week, Findings and Recommendations at 18 (citing Compl., at 11), and further alleges that plaintiff was denied food for five days. Id. at 20 (citing Compl. at 11). The complaint alleges hunger and pain as a result. Id. Indeed, the Findings and Recommendations note that the very next page of the complaint alleges that the prison staff subjected plaintiff to "cruel and unusual punishment." Defendants argument that this allegation should be construed narrowly and separately so as not to refer to the alleged withholding of food simply quarrels with the standards applicable to construction of the complaint. Similarly, that the screening order does not expressly itemize an Eighth Amendment claim specific to the diet card confiscation does not mean that the allegations of the complaint of being "hungry an [sic] in pain" from being denied food are not actually in the complaint. They plainly are. Compl. at 11.

Lastly, defendants have not met their burden under *Jones v. Bock*, 549 U.S. 199, 216 (2007) of showing that plaintiff failed to exhaust his administrative remedies as to this issue. To the contrary, the record shows that he pursued the issue in a grievance and prevailed at an intermediate level. Def.s' Objs., Ex. 1. Rather than failing to exhaust, this constitutes full exhaustion. Brown v. Valoff, 422 F.3d 926, 935-36 (9th Cir. 2005).

Neither do plaintiff's objections have merit. Accordingly, neither side's objections provide any reason not to adopt the Findings and Recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed September 2, 2009, are adopted in full.

2. Defendants' March 27, 2009, motion for summary judgment is granted as to all claims except as noted in paragraph 3.

3. Defendants' March 27, 2009, motion for summary judgment is denied as to the claim that on May 26, 2005, defendant Halverson retaliated for engaging in protected activity by confiscating plaintiff's diet card, and the claim that in February 2007 the defendants withheld food from plaintiff for a period of five days.

4. Defendants are granted thirty days to file an appropriate motion as to the remaining claims or, alternatively a pretrial statement as to those claims.

Dated: September 25, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE