IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STANLEY SIMS,

        Plaintiff,                    No. CIV S-07-0898 KJM EFB P

    vs.

VEAL, et al.,

        Defendants.          <u>ORDER</u>

        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

        On August 10, 2011, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days from the date the findings and recommendations were served.  Plaintiff has filed objections to the findings and recommendations.

        Plaintiff suggests that summary judgment was premature because he needs to conduct further discovery.  ECF No. 106 at 4-5.  He explains he could not conduct discovery earlier because of his mental problems and because he did not know what he was doing.  *Id*.

1

This lament is insufficient to delay resolving defendant's motion at this time. Rule 56(d) of the Federal Rules of Civil Procedure permits a court to deny or continue determination of a motion for summary judgment "if a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition . . . ." In order to justify a continuance or denial of summary judgment under Rule 56(d), a party must satisfy the following requirements:

> (1) it has set forth in affidavit form the specific facts it hopes to elicit through further discovery; (2) the facts sought exist; and (3) the sought after facts are essential to oppose summary judgment.

*Family Home and Finance Center v. Federal Home Loan Mortgage Corporation*, 525 F.3d 822, 827 (9th Cir. 2008). Plaintiff does not describe the specific facts he hopes to elicit through further discovery. His request does not derail the court's consideration of the findings and recommendations at this time.

      Plaintiff does support his objections with a number of documents he did not provide to the magistrate judge in connection with the motion for summary judgment. Among these documents are copies of medical records showing that in 2004, he received dietary referral cards provided for a lactose controlled diet, ECF No. 107 at 11-12, and that when he was given a liquid diet sometime in 2005, the dietician noted he should not receive milk. *Id*. at 16, 21. Plaintiff contends these documents show he was telling the truth when he claimed to have a no-lactose, no-meat card whereas he previously had identified his diet card only as a no-meat card. These additional documents do not undercut the magistrate judge's findings and recommendations, particularly because they show that inmates with lactose controlled and no-meat diets "will be EDUCATED by the dietician to select from the regular main kitchen meals." *Id*. at 21 (emphasis in original). Accordingly, this information suggests that even inmates with some dietary restrictions were expected to be able to satisfy their nutritional needs through regular meals.

In sum, the court's discretionary review of the additional materials plaintiff has submitted does not change the conclusions recommended by the magistrate judge in this case. The court finds the findings and recommendations to be supported by the record and by the proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed August 10, 2011, are adopted in full;

2. Defendant Halverson's December 10, 2010 motion for summary adjudication of plaintiff's Eighth Amendment claim against him regarding the confiscation of plaintiff's diet card in May 2005 (ECF No. 90) is granted; and

3. Defendants are granted thirty days to file a pretrial statement as to plaintiff's remaining claims.

DATED: September 30, 2011.

_____
UNITED STATES DISTRICT JUDGE